Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| ELLIOT RIVERA NAZARIO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400110 | REVISIÓN JUDICIAL procedente de La Junta de la Junta de Libertad Bajo Palabra<br><br>Caso núm.: JLBP #147324<br><br>Sobre: Concesión de Libertad Bajo Palabra |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de marzo de 2024.

Comparece ante este tribunal apelativo, el Sr. Elliot Rivera Nazario (el señor Rivera Nazario o el recurrente) mediante la *Petición de Revisión Administrativa* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por la Junta de Libertad Bajo Palabra (la Junta o la recurrida) el 29 de noviembre de 2023, notificada el 8 de diciembre siguiente. Mediante este dictamen, la Junta determinó que el recurrente no cualifica para beneficiarse del privilegio de libertad bajo palabra.

Por los fundamentos que expondremos a continuación, procede desestimar el recurso de epígrafe por falta de jurisdicción.

**I.**

De la *Resolución* recurrida surge que el señor Rivera Nazario cumple una Sentencia de 159 años de cárcel por incurrir en delitos de asesinato en primer grado, robo y secuestro e infracción a la Ley de Armas. Asimismo, se indica que la Junta adquirió jurisdicción para considerar su caso para el disfrute del privilegio de libertad bajo palabra desde el 22 de marzo de 2017. Además, se menciona que el 10 de julio de 2023 la Junta evaluó el caso, pero determinó

suspender la determinación por un término de 60 días para contar con un plan de salida en el área de la vivienda que no estuviese bajo el Plan 8 Federal. Esto, debido a que en dicho programa está, entre sus disposiciones, no aceptar en dichas viviendas a personas con historial de antecedentes penales. Así, se estableció como fecha de reconsideración octubre de 2023.

Llegada la fecha, la recurrida analizó los documentos presentados por el señor Rivera Nazario; así como toda la evidencia que obra en el expediente, y acorde con su análisis concluyó que el hogar propuesto no es viable debido a la proximidad de este con la residencia de las víctimas. Asimismo, coligió que la evaluación psicológica realizada el 8 de marzo de 2023, refleja que el recurrente tiene *pobre introspección, pobre control de impulsos y dificultad para posponer la gratificación.* Así, entendió que "aún no cualifica para beneficiarse del privilegio de libertad bajo palabra."[1] No obstante, el foro administrativo estableció que el caso volverá a ser considerado para noviembre de 2024, "fecha en el cual el DCR deberá someter un *informe de ajuste y progreso* con el plan de salida debidamente corroborado."[2]

Inconforme con lo determinado, el 28 de diciembre de 2023 el señor Rivera Nazario instó una *Moción de Reconsideración.* En dicho pedido, el recurrente expuso que el único señalamiento de la Junta, tras la Vista de Consideración del 10 de mayo de 2023[3], fue que la vivienda propuesta en el Plan de Salida no podía estar bajo el Programa de Sección 8, a pesar de que la subvención ha dicho programa había sido cancelado el 1 de septiembre de 2023.[4] Además señaló que, en la vivienda a la cual recibe sus pases sin custodia, no se ha observado ninguna conducta negativa ni

---

[1] Véase el Apéndice del Recurso, *Resolución,* a la pág. 31.
[2] *Íd.* Itálicas en el original.
[3] Véase la Resolución del 10 de julio de 2023, Apéndice del Recurso, a la pág. 20.
[4] Véase el Apéndice del Recurso, a las págs. 22-24.

querellas reportadas en su contra. Mencionó que no surge indicio de que su presencia en el lugar represente algún peligro, amenaza o acercamiento de él a las víctimas.

Analizados los argumentos planteados, la Junta mediante una *Resolución* **del 16 de enero de 2024, archivada en autos el 18 de enero siguiente, y notificada a la representante legal del recurrente, Lcda. Yahaira Colón Rodríguez, ese mismo día al correo electrónico** yacolón@salpr.org, y entregada al recurrente en la institución penal el 1 de febrero de 2024, declaró el petitorio *No Ha Lugar*.[5]

Todavía insatisfecho, **el 1 de marzo de 2024**, el recurrente acude ante este foro intermedio mediante un recurso de revisión judicial imputándole a la Junta haber incurrido en el siguiente error:

> ABUSÓ DE SU DISCRECIÓN LA JUNTA DE LIBERTAD BAJO PALABRA AL DENEGAR EL PRIVILEGIO DE LIBERTAD A PRUEBA DEL PETICIONARIO AL TOMAR EN CONSIDERACIÓN EVIDENCIA EX PARTE, EN LA INADECUADA CITACIÓN DEL INFORME PSICOLÓGICO EN LOS QUE BASÓ SU DETERMINACIÓN DE DENEGACIÓN, SIN QUE LA DEFENSA PUDIERA CONFRONTAR LA EVIDENCIA O PRESENTAR EVIDENCIA DE REFUTACIÓN ACOGIENDO LA RECOMENDACIÓN DE UN INFORME DE UN OFICIAL EXAMINADOR QUIEN NO PARTICIPÓ DE LA VISTA DE CONSIDERACIÓN EN CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY.

Examinado el expediente a la luz del derecho vigente y al tenor de la determinación arribada, resolvemos sin la comparecencia de la parte recurrida. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5).[6]

## II.

**Jurisdicción, Asunto de Umbral**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe et al,* 187 DPR 445

---

[5] *Íd.*, a las págs. 46-47.
[6] El 6 de marzo de 2024 el recurrente presentó una *Moción Informativa en Solicitud de Corrección de Autos,* la cual nos damos por enterados.

(2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Systems Analysis, Inc.,* supra.

De otra parte, la Sección 4.2 de la Ley núm. 38-2017 conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), según enmendada, 3 LPRA sec. 9672, establece, en lo pertinente, que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido**

**interrumpido mediante la presentación oportuna de una moción de reconsideración.** (Énfasis nuestro)

Relativo a lo anterior, la referida Sección 3.15 de la LPAUG, 3 LPRA sec. 9655, preceptúa que una vez la agencia deniega la moción de reconsideración, el término para solicitar **revisión empezará a contarse desde la fecha en que se archive en autos copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**.

Por su parte, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R 57, establece un **término jurisdiccional de treinta (30) días para presentar un recurso de revisión judicial, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia**.

Recordemos que el incumplimiento con un término jurisdiccional no admite justa causa y, contrario a un plazo de cumplimiento estricto, es uno fatal, improrrogable e insubsanable, por lo que no puede ser acortado ni extendido. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). En atención a este principio, un recurso tardío impide que entremos a considerarlo en sus méritos ya que "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre." *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883, que cita a *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001). Ello se debe a que su presentación carece de eficacia, por lo que no produce efecto jurídico alguno, ya que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo,* supra.

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa

propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. De Cataño,* 143 DPR 314 (1997).

### III.

Analizado el recurso ante nuestra consideración nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

Según esbozamos en el trámite procesal, la *Resolución* resolviendo definitivamente la reconsideración instada por el señor Rivera Nazario fue emitida por la Junta el **16 de enero de 2024, y archivada en autos el 18 de enero siguiente. Según surge del expediente, ese mismo día se le notificó el dictamen a la representante legal del recurrente, Lcda. Yahaira Colón Rodríguez, al correo electrónico** yacolón@salpr.org. Asimismo, la *Resolución* le fue entregada al recurrente en la institución penal el **1 de febrero de 2024**.

Por tanto, el término jurisdiccional de 30 días comenzó a decursar el 18 de enero, fecha en que se ordenó el archivo en autos de la *Resolución*, por lo que el recurrente tenía hasta el 20 de febrero de 2024[7] para presentar el correspondiente recurso de revisión judicial ante esta *Curia*. No obstante, este se presentó el 1 de marzo, en exceso del plazo jurisdiccional para ello. Recalcamos que la Junta

---

[7] El día 30 fue sábado por lo que se extiende el término hasta el próximo día laborable el cual fue el martes 20 de febrero por ser el lunes 19 un día feriado. Regla 68.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R, 68.1.

incluyó este apercibimiento en el documento bajo el acápite titulado **ADVERTENCIAS**.[8]

Por ende, no cabe duda de que se computó incorrectamente el término para acudir en revisión, esto a partir del **1 de febrero**, día en que se le fue entregada la *Resolución* al recurrente. Precisa señalar que, a esta fecha, todavía se contaba con 20 días para cumplir con el término de revisión.

Como señalamos, la Sección 4.2 de la LPAUG, *antes citada*, así como la Regla 57 de nuestro Reglamento, *supra*, disponen claramente que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante este foro apelativo dentro del **término de treinta (30) días, contados a partir de la fecha del archivo en autos** de la copia de la notificación de la resolución final. Por otro lado, cuando el término es interrumpido por una oportuna moción de reconsideración, la LPAUG establece que el término para solicitar revisión **empezará a contarse desde la fecha en que se archive en autos copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**.

Por tanto, y en atención a la antedicha normativa, forzoso es concluir que nos encontramos ante un recurso tardío, el cual impide que entremos a considerarlo en sus méritos. Reiteramos que un recurso tardío "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre." Además, como consignamos, el incumplimiento con un término jurisdiccional **no admite justa causa** y, contrario a un plazo de cumplimiento estricto, es uno fatal, improrrogable e insubsanable, por lo que **no puede ser acortado ni extendido**.

---

[8] Véase el Apéndice del Recurso, a la pág. 46.

En consecuencia, la presentación del recurso de epígrafe carece de eficacia, por lo que no produce efecto jurídico alguno, ya que en el momento que fue presentado no había autoridad judicial alguna para acogerlo.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones